```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

NORTICIA JEANETTE COATES,
        Plaintiff,

        v.                        CIVIL ACTION NO. 12-11839-DPW

ALLEN G. ERICKSON, ADMINISTRATIVE
LAW JUDGE,
        Defendant.

MEMORANDUM AND ORDER
March 26, 2013

WOODLOCK, D.J.

I.    INTRODUCTION

    On October 2, 2012, plaintiff Norticia Jeanette Coates ("Coates"), currently residing at the Massachusetts New England Center for Homeless Veterans in Boston, Massachusetts, filed a skeletal self-prepared complaint against Allen G. Erickson, an Administrative Law Judge in the Office of Disability Adjudication and Review in Houston, Texas.[1]  Apart from identifying the parties to the action, Coates's complaint is unintelligible.  It includes only one paragraph for relief, stating:

> Plaintiff requests the jurisdiction over thic [sic] case pursuant to 28 U.S.C. 1332.  Reasons Non-Payment 6 month Default on Federal Court Demand Filed 03/23/2012 Defendant Caused Detrimental Harm Causing Plaintiff to Be Homeless.

Compl. (Docket No. 1 at 1, ¶ 4).  The civil cover sheet attached to the complaint states the cause of action is based, *inter alia*,

---

[1] The Office of Disability Adjudication and Review is part of the Social Security Administration's administrative hearing and appeals operation.  *See* http://ssa.gov/appeals.

on civil rights, recovery of defaulted student loans, and non-payment of a criminal and civil demand.  She seeks $6,500,000.00.

This action is a refiling of a case Coates filed on March 20, 2012 in the District of Arizona (Phoenix Division).  *See Coates, next friend fo D.L.K.F. v. Erickson*, Civil Action No. 2:12-cv-00622-NVW.[2]  On April 12, 2012, District Judge Neil V. Wake issued an Order (Docket No. 9) finding that the complaint failed to state plausible claims in accordance with Rule 8 of the Federal Rules of Civil Procedure.  He noted that it appeared that Coates sought to challenge the denial of social security benefits for her son, and as such, she was required to exhaust her administrative remedies before a court would have subject matter jurisdiction to hear any challenges related to the denial of social security benefits.  Additionally, Judge Wake stated: "Of final note, Plaintiff has improperly named administrative law judge Allen Erickson as Defendant — challenges regarding a denial of Social Security benefits are properly stated against the Commissioner of Social Security."  *Id.;* Order (Docket No. 9 at 4).

Thereafter, on April 16, 2012, Coates filed an amended complaint in that action.  An Order (Docket No. 11) issued dismissing the civil action, noting that the amended complaint was incomprehensible.  It indicated that Coates may have been

---

[2]The instant complaint indicates the docket number from the District of Arizona in the caption.

alleging that Judge Erickson was "not the legal judge" on the case. This allegation was deemed to be insufficient to support a claim for relief. *Id.* at 1. Coates then filed two motions for reconsideration, both of which were denied. She also filed a Motion for Transfer, which was denied.

On the heels of the denial of the Motion for Transfer, Coates filed the instant complaint, along with a Motion for Leave to Proceed *in forma pauperis* (Docket No. 4), and a document entitled "Motion Subpoena Felony Complaint" (Docket No. 2) directed to Chief Judge Mark L. Wolf. In that motion, she requests that a warrant issue against Judge Erickson for "non-payment on federal court demand that concludes final action and legal provisions ordered by the federal court district ARIZONA. Assigned state federal judge Honorable JAMES A. TEILBORG." Motion (Docket No. 2 at 1). Additionally, Coates alleges that the defendant is in "felony negligence tort-criminal and civil violation reasons ignoring a federal court order failing to meet complaint within a specified time period." *Id.*

In addition to the Motion Subpoena Felony Complaint, Coates filed a proposed Notice of Default (Docket No. 3), including a proposed Default Judgment in the amount of $6,500,000.00 with a 97% prejudgment interest rate.

Notably, apart from a name change of the defendant, the texts of the complaint and the Motion Subpoena Felony Complaint are substantially identical to civil actions filed by both Coates

and her husband, David Lionel Fowler ("Fowler"). *See Coates v. Social Security Administration*, Civil Action No. 12-11832-GAO; *Fowler v. Social Security Administration*, Civil Action No. 12-11826-RGS.[3]

On December 6, 2012, Coates filed a Motion for Monetary Relief (Docket No. 8) and an Application for a Warrant to Seize Property Subject to Forfeiture (Docket No. 9), along with a proposed arrest warrant and waiver of summons.

II. DISCUSSION

    A.    <u>The Motion for Leave to Proceed *In Forma Pauperis*</u>

Upon review of Coates's financial disclosures indicating that she has no substantial assets or income, I find that she lacks funds to pay the filing fee for this civil action. Accordingly, Coates's Motion for Leave to Proceed *in forma pauperis* (Docket No. 4) is <u>ALLOWED</u>.

    B.    <u>Preliminary Screening of the Complaint</u>

Because Coates is proceeding *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2).[4]

---

[3] That case involved a claim related to the denial of disability benefits based on his adoption. On November 1, 2012, Judge Stearns dismissed that action.

[4] This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Further, in addition to the statutory screening requirements under § 1915, the Court has an independent obligation to inquire, *sua sponte,* into its subject matter jurisdiction.[5]  In connection with this preliminary screening, Coates's *pro se* pleadings are construed generously.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto de Educacion Universal Corp. v. U.S. Dept. of Education*, 209 F.3d 18, 23 (1st Cir. 2000).  Even under a broad reading, however, I will DISMISS this action for the reasons set forth below.

    C.    Failure to Comply With Fed. R. Civ. P. 8

Coates's complaint fails to comport with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(a) requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(alteration in original)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see*

---

[5]*See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004);  Fed. R. Civ. P. 12(h)(3) ("If the court determines ... it lacks subject matter jurisdiction, the court must dismiss the action.").  *See also In re Recticel Foam Corp.*, 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").

*Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir. 2005). It must afford the defendant(s) a "[']meaningful opportunity to mount a defense,'" *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004) (quoting *Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)). *See also Redondo-Borges v. U.S. Dept. of Housing and Urban Dev.*, 421 F.3d 1, 5 (1st Cir. 2005). "In a civil rights action as in any other action ...., the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." *Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004). Although "the requirements of Rule 8(a)(2) are minimal . . .[,] 'minimal requirements are not tantamount to nonexistent requirements.'" *Id.* (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)).

Here, Coates's sparse complaint is incoherent. It fails to set forth plausible claims in accordance with Rule 8, because it lacks the necessary "who, what, where, when, and why" information required to state a claim upon which relief may be granted.

In short, it would be unfair to the defendant to have to respond to the complaint as pled, possibly expending public funds in the process. In light of all of the above, this case is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Generally, I would permit a *pro se* litigant an opportunity to cure the pleading defects; however, given Coates's prior litigation in the District of Arizona, I consider that affording

such opportunity would be an exercise in futility.  She already has had three prior opportunities (two in Arizona and one in this Court) to set forth plausible claims, and has failed to do so each time.  Moreover, notwithstanding the pleading deficiencies under Rule 8, this case suffers from fundamental legal impediments, warranting a *sua sponte* dismissal, for the reasons discussed below.

    D.    <u>Quasi Judicial Immunity of Judge Erickson</u>

Judge Erickson, as an Administrative Law Judge for the Social Security Administration, is entitled to quasi-judicial immunity from a suit for monetary damages.  *See Woods v. Willis*, 2010 WL 3808279, *9-10 (N.D. Ohio 2010)("Federal officers to whom quasi-judicial immunity has been found to attach include hearing officers and administrative law judges.")(citing*, inter alia*, *Butz v. Economou*, 438 U.S. 478, 513 (1978)); *see also Martinez v. Lucero*, 2012 WL 2175772 (D.N.M. May 31, 2012)(noting quasi-judicial immunity attaches when a person is acting in a judicial role, such as an administrative law judge in a quasi-judicial setting); *Amber v. Parks*, 2009 WL 545989, *5 (E.C. Cal. 2009)("Quasi-judicial immunity applies to administrative law judges and agency hearing officers when they are performing adjudicative functions within a federal agency, to agency officials performing functions analogous to those of a prosecutor, to agency attorneys when arranging for the presentation of evidence in the course of an administrative

adjudication, and to individuals who participate in the judicial process when they are acting within the scope of their duties.").

Here, based on the background of the suit in Arizona, it is reasonable to conclude that Coates's grudges -- whatever they may be -- arise from matters occurring in the course of administrative hearings, and thus Judge Erickson is entitled to immunity from suit.

### E. Failure to State Cognizable Civil Rights Claims Based on Social Security Decisions

Next, to the extent that Coates asserts constitutional violations by Judge Erickson in connection with his decision denying social security benefits, she fails to state plausible constitutional claims because there is no *Bivens*[6] liability with respect to matters involving the denial of social security benefits. Rather, Congress's statutory scheme providing a remedy for alleged federal wrongs in this area is the <u>exclusive</u> means available to Coates.

In addressing the question whether federal actors may be sued under *Bivens* in the context of challenges to an agency decision denying benefits:

---

[6]*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). "The *Bivens* doctrine allows plaintiffs to vindicate certain constitutionally protected rights through a private cause of action for damages against federal officials in their individual capacities." *DeMayo v. Nugent*, 517 F.3d 11, 14 (1st Cir. 2008).

8

[T]he Supreme Court has held that a *Bivens* action does not lie for denial of Social Security benefits. The Ninth Circuit summarized:

> "[t]he Supreme Court has instructed us that a *Bivens* action does not lie where a comprehensive federal program, with extensive statutory remedies for any federal wrongs, shows that Congress considered the types of wrongs that could be committed in the program's administration and provided meaningful statutory remedies." *Adams v. Johnson*, 355 F.3d 1179, 11-83-84 (9th Cir. 2004) (citing *Schweiker v. Chilicky*, 487 U.S. 412, 423, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988) ("When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional *Bivens* remedies.")); *see also Hooker v. U.S. Dept. of Health and Human Services*, 858 F.2d 525, (9th Cir.1988) (42 U.S.C. § 405(h) bars state law tort claim under Federal Tort Claims Act.).

*Deuschel v. Barnhart*, 2004 WL 5542429, at *5 (E.D. Cal. 2004); *see Rivera v. Astrue*, 2011 WL 241981, *3 (D. Mass. 2011).

*Deuschel* explained further, stating that: "[t]he Social Security Act contains a comprehensive system for review of actions taken in the course of administering it ...." *Id.* at *6. Moreover, in discussing the Supreme Court's jurisprudence with respect to *Bivens*, *Deuschel* noted:

> "[T]he Court has cautioned against extending *Bivens* into new areas or recognizing new rights or claims. The Court has emphasized that so long as the plaintiff had an avenue for some redress, bedrock principles of separation

> of powers foreclose judicial imposition of a new substantive liability. Implied remedies premised on violations of constitutional rights are not created to fill in gaps of existing relief to which plaintiffs are already entitled." *Libas Ltd. v. Carillo*, 329 F.3d 1128, 1130 (9th Cir. 2003). The Social Security Act having provided for a comprehensive system to challenge the decisions of which [plaintiff] complains, a *Bivens* action against individuals does not lie.  That determination, however, does not end the matter. Plaintiff may nevertheless be entitled to obtain judicial review of her claim against the Commissioner that the procedures followed by the social security administration ... violated due process.

*Deuschel*, 2004 WL 5542429, at * 6 [brackets added]; *see* 42 U.S.C. § 405(h)(providing for finality of the Commissioner's decision, and providing, *inter alia*, that: "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter.").

In light of the above, to the extent that Coates's claims are based on the denial of social security benefits, her only basis for seeking judicial review is under the statutory scheme with respect to the administration of social security benefits. *See* 42 U.S.C. § 405(g).  Additionally, as Judge Wake previously noted, Judge Erickson is not the proper party sue when challenging a social security decision.

Accordingly, for the reasons set forth above, I will <u>DISMISS</u> this action, <u>with</u> <u>prejudice</u>.

F.   <u>The Motion Subpoena Felony Complaint</u>

To the extent that Coates seeks criminal proceedings to be instituted against Judge Erickson based on alleged constitutional violations, I find this request to be unfounded.  A private citizen, such as Coates, lacks a judicially cognizable interest in the federal prosecution or non-prosecution of another.  *See, e.g., Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *accord Nieves-Ramos v. Gonzalez*, 737 F. Supp. 727, 728 (D. P.R. 1990)(same).[7]

Accordingly, Coates's Motion Subpoena Felony Complaint (Docket No. 2) is <u>DENIED</u> in all respects.

G.   <u>The Motion for Monetary Relief and the Application for a Warrant to Seize Property Subject to Forfeiture</u>

In light of the above, plaintiff's Motion for Monetary Relief (Docket No. 8) and her Application for a Warrant to Seize

---

[7] Moreover, section 547 of title 28 states, in relevant part, that "Except as otherwise provided by law, each United States attorney, within his district, shall – (1) prosecute for all offenses against the United States."  28 U.S.C. § 547 (1).  Thus, Coates does not have standing to bring a criminal action in federal court because no statute authorizes her to do so. *Kennan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964) (per curiam); *accord Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (*per curiam*)(stating that only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999)(stating that individual citizens have no private right of action to institute federal criminal prosecutions); 28 U.S.C. § 516 (conduct of litigation in which the United States is a party is reserved to officers of the Department of Justice, under the direction of the Attorney General).

Property Subject to Forfeiture (Docket No. 9) will be <u>DENIED</u> in all respects.

>   H.  <u>Certification That Any Appeal Would Not Be Taken in Good Faith</u>

Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3)(A), I find, and will hereby certify, that any appeal by Coates of the matters contained in this Memorandum and Order would not be taken in good faith. Such a certification prohibits *in forma pauperis* status on appeal even though Coates has been found to be indigent.

Under 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *Id.* Similarly, under Fed. R. App. P. 24(a)(3)(A), a party who has been permitted to proceed *in forma pauperis* in the district court may proceed on appeal *in forma pauperis* without further authorization, unless the district court certifies that the appeal is not taken in good faith. *Id.* In view of the legal impediments set forth above, I find that any appeal by Plaintiff would not be taken in good faith. "The applicant's good faith is established by the presentation of any issue that is not plainly frivolous." *Ellis v. United States*, 356 U.S. 674, 674 (1958)(*per curiam*); *see Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000); *Wooten v. District of Columbia*,

129 F.3d 206, 208 (D.C. Cir. 1997).  A complaint is "frivolous" if "it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. 319, 325 (1989).  Such is the case here.  I find that any appeal would be one that plainly does not deserve additional judicial attention.

Accordingly, should Coates seek to appeal the dismissal of this action, she must pay the appellate filing fees or obtain permission to appeal *in forma pauperis* directly from the United States Court of Appeals of the First Circuit.

III. CONCLUSION

Based on the above, it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 4) is ALLOWED;

2. Plaintiff's Motion Subpoena Felony Complaint (Docket No. 2) is DENIED;

3. Plaintiff's Motion for Monetary Relief (Docket No. 8) is DENIED;

4. Plaintiff's Application for a Warrant to Seize Property Subject to Forfeiture (Docket No. 9) is DENIED;

5. This action is DISMISSED with prejudice in its entirety; and

6. This Court CERTIFIES that any appeal would not be taken in good faith.

SO ORDERED.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE